Jared C. Bunker (SBN 246946)
jared.bunker@knobbe.com
Rhett D. Ramsey (SBN 348077)
rhett.ramsey@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

*Attorney for Defendant Sterno, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
(EASTERN DIVISION)

| | |
|---|---|
| CIPM, LLC,<br><br>Plaintiff,<br><br>v.<br><br>STERNO, LLC,<br><br>Defendant. | Case No: 5:26-cv-01821-KK-ACCV<br><br>**DEFENDANT STERNO, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED**<br><br>Honorable Kenly Kiya Kato |

Defendant Sterno, LLC ("Sterno") hereby submits its answer to the Complaint filed by Plaintiff CIPM, LLC ("CIPM"), as follows:

**PARTIES**

1. Sterno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

2. Denied.

**JURISDICTION**

3. Sterno admits that the Complaint purports to bring an action for patent infringement under the patent laws of the United States. Sterno denies that it has committed any violations of the patent laws of the United States.

4. Sterno does not dispute that this Court has subject matter jurisdiction over Count I of the Complaint. Sterno denies that it has committed any violations of the patent laws of the United States.

5. Sterno denies that it has an office in Riverside County, CA. Solely for purposes of this action, Sterno does not dispute that this Court has personal jurisdiction over Sterno.

**VENUE**

6. Sterno denies that it has a place of business in the Eastern Division of this Judicial District. Sterno denies that it has committed acts of patent infringement. Solely for purposes of this action, Sterno does not dispute that venue is proper in this Judicial District.

7. Sterno denies that it has an office in Riverside County, CA. Solely for purposes of this action, Sterno does not dispute that this Court has personal jurisdiction over Sterno. Solely for purposes of this action, Sterno does not dispute that venue is proper in this Judicial District.

**THE PATENT-IN-SUIT AND THE PATENT PUBLICATION**

8. Sterno lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

9. Sterno admits that U.S. Patent Publication No. 2021/0113732 ("the '732 publication") lists a title of "Candle Warming Image Display Lamp" and a publication date of April 22, 2021. Sterno admits that a copy of the '732 publication appears to be attached to the Complaint. Sterno admits that U.S. Patent No. 12,569,584 ("the '584 patent") lists a title of "Candle Warming Image Display Lamp" and an issue date of March 10, 2026. Sterno admits that a copy of the '584 patent appears to be attached to the Complaint. Sterno lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

10. Sterno denies that Rimports LLC is Sterno's predecessor. Sterno denies that it received a copy of the purported letter that is purportedly attached to the Complaint. Sterno denies that it has committed any acts of patent infringement. Sterno denies that the purported letter triggers accrual of any damages, including damages under 35 U.S.C. § 154(d). Sterno lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

## COUNT I: [ALLEGED] INFRINGEMENT OF THE PATENT PUBLICATION AND OF THE PATENT-IN-SUIT

11. Sterno incorporates the above responses herein by reference.

12. Denied.

13. Denied.

## CIPM'S PRAYER FOR RELIEF

Sterno denies all allegations not specifically admitted herein and further denies that CIPM is entitled to the judgment and relief requested in Paragraphs A-E of the Complaint or to any other relief.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its responses to Paragraphs 1 through 13 of the Complaint, and without undertaking any of the burdens imposed by law on CIPM, Sterno avers and asserts the following separate defenses to the Complaint. Sterno expressly reserves the right to allege additional defenses as they become known through discovery.

### FIRST AFFIRMATIVE DEFENSE

**(Invalidity)**

1. The claims of the ’584 patent and ’732 publication are invalid for failure to satisfy the conditions for patentability set forth in 35 U.S.C., including §§ 101, 102, 103 and/or 112, and/or the doctrine of obviousness-type double patenting, and/or any other judicially created requirements for patentability and enforceability, and/or the defenses recognized in 35 U.S.C. § 282.

### SECOND AFFIRMATIVE DEFENSE

**(Noninfringement)**

2. Sterno does not infringe and has not infringed any valid and enforceable claim of the ’584 patent or ’732 publication, literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

**(Prosecution History Estoppel or Disclaimer)**

3. CIPM’s count is barred in whole or in part by prosecution history estoppel or disclaimer.

### FOURTH AFFIRMATIVE DEFENSE

**(Ensnarement)**

4. CIPM’s count is barred in whole or in party by the ensnarement doctrine.

## FIFTH AFFIRMATIVE DEFENSE

**(Failure to Mark)**

5. CIPM's prayer for damages is limited or barred under 35 U.S.C. § 287.

## STERNO'S COUNTERCLAIMS

Defendant and Counterclaimant Sterno, LLC ("Sterno") brings the following counterclaims against Counterclaim Defendant CIPM, LLC ("CIPM") and alleges as follows:

## NATURE OF THE ACTION

1. This action arises from CIPM's allegations in the Complaint that Sterno infringed and infringes U.S. Patent No. 12,569,584 ("the '584 patent") and infringed U.S. Patent Publication No. 2021/0113732 ("the '732 publication"), and that CIPM is entitled to relief and damages under 35 U.S.C. §§ 154(d) and 284.

2. Sterno seeks declaratory judgment under 35 U.S.C. § 100 *et seq.* and 28 U.S.C. § 2201 *et seq.* that the '584 patent and '732 publication are invalid, that Sterno has not and does not infringe the '584 patent or the '732 publication, and that CIPM is not entitled to any relief or damages under 35 U.S.C. §§ 154(d) and 284.

## PARTIES

3. Sterno is a Delaware limited liability company with a place of business at 303 Falvey Ave., Texarkana, TX 75501.

4. On information and belief, and CIPM's allegations, CIPM is a limited liability corporation organized and existing under the laws of Utah and maintains its principal place of business in Utah.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

6. This Court has personal jurisdiction over CIPM by virtue of CIPM's

choice of forum for the Complaint and commencing this action in this forum.

7. Venue is proper in this Judicial District under 28 U.S.C. § 1391 because CIPM has consented to venue by commencing this action in this forum.

**<u>FIRST COUNTERCLAIM</u>**

**<u>DECLARATORY JUDGMENT OF NONINFRINGEMENT</u>**

8. Sterno incorporates the allegations in Paragraphs 1 through 7 herein by reference.

9. As a result of CIPM's actions and statements and the totality of circumstances detailed above, there is an actual, immediate, and justiciable controversy that exists between Sterno and CIPM concerning whether Sterno has infringed and does infringe any claim of the '584 patent.

10. Sterno does not infringe and has not infringed any valid and enforceable claim of the '584 patent, whether directly or indirectly, literally or under the doctrine of equivalents. For example, Sterno has not and does not make, use, offer to sell, or sell the fragrance oil refills referenced in the Complaint.

11. Sterno is entitled to a declaratory judgment that it has not infringed and does not infringe any claim of the '584 patent.

**<u>SECOND COUNTERCLAIM</u>**

**<u>DECLARATORY JUDGMENT OF INVALIDITY</u>**

12. Sterno incorporates the allegations in Paragraphs 1 through 11 herein by reference.

13. As a result of CIPM's actions and statements and the totality of circumstances detailed above, there is an actual, immediate, and justiciable controversy that exists between Sterno and CIPM concerning whether the claims of the '584 patent are valid.

14. The claims of the '584 patent are invalid for failure to satisfy the conditions for patentability set forth in 35 U.S.C., including §§ 101, 102, 103 and/or 112, and/or the doctrine of obviousness-type double patenting, and/or any

other judicially created requirements for patentability and enforceability, and/or the defenses recognized in 35 U.S.C. § 282. For example, the claims of the '584 patent are invalid over the prior art, including U.S. Patent Publication No. 2009/0101730 and U.S. Patent No. 6,968,124.

15. Sterno is entitled to a declaratory judgment that the claims of the '584 patent are invalid.

**THIRD COUNTERCLAIM**

**DECLARATORY JUDGMENT OF LACK OF PROVISIONAL RIGHTS**

16. Sterno incorporates the allegations in Paragraphs 1 through 15 herein by reference.

17. As a result of CIPM's actions and statements and the totality of circumstances detailed above, there is an actual, immediate, and justiciable controversy that exists between Sterno and CIPM concerning whether CIPM is entitled to any provisional rights or any remedies or damages from Sterno under 35 U.S.C. § 154(d) with respect to the '732 publication.

18. CIPM is not entitled to any provisional rights or any remedies or damages from Sterno because CIPM has not and cannot satisfy the requirements of 35 U.S.C. § 154(d) with respect to the '732 publication. For example, Sterno has not and does not make, use, offer to sell, or sell the fragrance oil refills referenced in the Complaint, and CIPM did not provide notice to Sterno as required by 35 U.S.C. § 154(d).

19. Sterno is entitled to a declaratory judgment that CIPM is not entitled to any provisional rights or any remedies or damages from Sterno under 35 U.S.C. § 154(d) with respect to the '732 publication.

## PRAYER FOR RELIEF

WHEREFORE, Sterno prays for the following relief:

A. That the Court order the Complaint dismissed with prejudice and enter judgment in favor of Sterno;

B. A declaration that Sterno has not infringed and does not infringe any claim of the ’584 patent;

C. A declaration that the claims of the ’584 patent are invalid;

D. A declaration that CIPM is not entitled to any provisional rights or any remedies or damages from Sterno under 35 U.S.C. § 154(d) with respect to the ’732 publication.

E. A permanent injunction that enjoins CIPM, its officers, agents, employees, and those persons acting in concert or participation with all or any of them, from asserting or otherwise seeking to enforce the ’584 patent and the ’732 publication;

F. That Sterno be awarded the costs incurred in connection with this action;

G. That this action be deemed exceptional under 35 U.S.C. § 285, and that Sterno be awarded its attorneys’ fees in this action; and

H. That Sterno be awarded such further relief as the Court may deem jut and proper.

## JURY DEMAND

Sterno demands a trial by jury of all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

June 10, 2026

*/s/ Jared C. Bunker*

Jared C. Bunker
Rhett D. Ramsey

*Attorneys for Defendant/Counterclaimant Sterno, LLC*